UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:14-CV-873 (CEJ) ) |
| KSG ENTERPRISES, LLC, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for summary judgment against defendant KSG Enterprises, LLC. On February 2, 2015, plaintiffs filed a supplemental memorandum and new exhibits in support of their motion. Defendant has not filed a response to the motion and the time allowed for doing so has expired.

### I.   **Background**[1]

Plaintiffs are four employee benefit plans (the Pension, Vacation, Welfare, and Training funds), their trustees (collectively, the plans), and Local Unions Nos. 42, 53, and 110, Laborers International Union of North America, AFL-CIO (the union). On August 3, 2004, defendant KSG Enterprises, LLC (KSG), executed an agreement to be bound by the collective bargaining agreement (CBA) negotiated between the union and the Site Improvement Association through March 1, 2009. Defendant also agreed to be bound by all subsequent CBAs unless it gave proper notice of termination. Pls. Exs. 1 and 2[Docs. #9-4 and #9-5]. Defendant has not provided the required notice and thus was bound by the subsequent CBA in force between March 1, 2009 and March 1,

---

[1]As a result of defendant's failure to respond, all matters set forth in plaintiffs' statement of uncontroverted facts are deemed admitted. E.D. Mo. L.R. 4.01(E).

2014. Kevin Schell Aff. ¶¶7-9 and Pl. Ex. 3 [Docs. #9-3 and #9-6].  Plaintiffs bring this action pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, alleging that KSG failed to file reports and make timely contributions to the plans as required under the terms of the CBA.

**II.    Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

ERISA provides that employers shall make contributions when required by the terms of a CBA. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). The CBA at issue here requires defendant to make contributions to the funds for each hour worked by employees covered by the agreement. §§ 5.03 - 5.06. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contributions, interest, payroll examinations, court costs, and attorney's fees. Id. § 5.10 - 5.11.

The accounting firm of Wolfe-Nilges-Nahorski conducted a payroll examination of defendant for the period of January 1, 2009 through August 31, 2013. John Massa Aff. [Doc. #9-1]. Based on that examination, it was determined that defendant owed $99,954.19 in unpaid contributions, $19,991.06 in liquidated damages, and $3,938.03 in interest through December 31, 2013, for a total of $123,883.28. The cost for completing the payroll examination was $1,683.00. In their supplemental memorandum, plaintiffs state that the parties subsequently agreed to changes in the payroll examination that reduced the amounts owed by defendant. Janine M. Martin Amended Aff. [Doc. #18-1].

Based on the documentation and affidavits submitted by the plaintiffs, the Court finds that defendant KSG was bound at all relevant times by a valid CBA and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that KSG is liable to them for $81,067.24 in unpaid contributions,

$16,213.57 in liquidated damages, and $3,328.94 in interest, for a total of $109,251.15. Defendant is also liable for $1,683.00, the cost for the payroll examination.

Plaintiffs request attorneys' fees in the amount of $6,503.50. The supplemental affidavit of attorney Janine M. Martin, submitted in support of this request, supports an award for attorneys' fees in the amount of $6,122.00.[2] The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $400.00 for the filing fee and $54.90 for service of process, for a total of $454.90 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment against defendant KSG Enterprises, LLC [Doc. #9] is **granted**.

A Judgment in accordance with this Memorandum and Order will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2015.

---

[2]Ms. Martin states that her firm's standard hourly billing rates are $180.00 for partners' services, $170.00 for associates' services, and $90.00 for paralegal and legal assistant services. According to her supplemental affidavit, Ms. Martin expended 1.6 hours as an associate ($272.00)and 31.5 hours as a partner ($5,670.00); partner Sherrie A. Schroder expended 0.1 hours ($18.00); legal assistant Jamie C. Buckley expended 1.0 hour ($90.00); and paralegal Christine M. Dothage expended 0.8 hours ($72.00).